Approved: _Ben._

        BENJAMIN A. NAFTALIS
        Assistant United States Attorney

Before:   HONORABLE JAMES C. FRANCIS IV
        United States Magistrate Judge
        Southern District of New York

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA   :   **SEALED COMPLAINT**

      - v. -                    :   Violation of

RAUL BORBON,                  :   21 U.S.C. §§ 812,
                            :   841(a)(1), 841(b)(1)(B),
                            :   and 18 U.S.C. §
           Defendant.         :   924(c)(1)(A) and 2
                            :   COUNTY OF OFFENSE:
                                      BRONX

- - - - - - - - - - - - - - - -X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        MANUEL MADERA, being duly sworn, deposes and says that he is a New York City Police Detective with the Firearms Enhancement Unit of the New York City Police Department ("NYPD"), and he charges as follows:

**COUNT ONE**

        1. From at least in or about March, 2007, through on or about May 18, 2007, in the Southern District of New York and elsewhere, RAUL BORBON, the defendant, intentionally, and knowingly, did manufacture, distribute, and dispense, and possess with intent to manufacture, distribute, and dispense, a controlled substance, to wit, approximately 166 marihuana plants.

        (Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B), and Title 18, United States Code, Section 2.)

**COUNT TWO**

        2. On or about May 18, 2007, in the Southern District of New York and elsewhere, RAUL BORBON, the defendant, unlawfully, willfully, and knowingly, during and relation to a drug trafficking crime for which he may be prosecuted in account of the United States, namely the offense charged in Count One of

1

this Complaint, did use and carry a firearm, and in furtherance of such crime possessed a firearm, to wit, BORBON used, carried, and possessed a .22 caliber Beretta firearm.

(Title 18, United States Code, Section 924(c)(1)(A)).

The bases for my knowledge and for the foregoing charges are, in part, as follows:

1. I am a Detective in the Firearms Enhancement Unit of the New York Police Department ("NYPD"), and I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. On or about May 18, 2007, three NYPD Officers were patrolling in or around 2244 Creston Avenue, Bronx, New York ("2244 Creston"). Upon arriving at 2244 Creston, the Officers met and questioned an individual ("Individual-1"), pursuant to "Operation Clean Halls," which permits NYPD Officers to stop and question any person entering or leaving such a building to verify that person is there for a legitimate purpose. Individual-1 stated to the Officers that he was visiting a friend in Apt. 6B of 2244 Creston.

3. Shortly thereafter, two of the Officers ("Officer-1" and "Officer-2," respectively) proceeded to Apt. 6B of 2244 Creston to verify the statements of Individual-1. One of the Officers ("Officer-3") waited with Individual-1, while Officer-1 and Officer-2 went upstairs to Apt. 6B.

4. Based on conversations with Officer-1, I know that:

a. Officer-1 and Officer-2 knocked on Apt. 6B and announced their presence, and RAUL BORBON, the defendant, opened the door to Apt. 6B.

2

3

b. From outside the apartment, Officer-1 observed in plain sight in the foyer, among other things:

    i. several large bags of Miracle-Gro stacked upon one another;

    ii. numerous small, plastic bags containing the remnants of dirt, leaves, and stems of what appeared to be dried marihuana plants;

    iii. numerous books, magazines, and VHS tapes relating to growing and use of marijuana; and

    iv. a distinct and strong odor commonly associated with marihuana.

c. Thereafter, Officer-1 and Officer-2 entered Apt. B. Officer-1 also observed a living room blocked off with mylar-like plastic sheeting, which was taped floor-to-ceiling and wall-to-wall. In addition, silver ventilation ducts were observed running around the outside of the floor of the living room and along the walls.

d. Further, inside the living room, Officer-1 observed, among other things, grow lights and several trays ready for germination.

e. Inside the bedroom, Officer-1 observed, among other things:

    i. 166 marihuana plants;

    ii. additional ventilation duct-work;

    iii. ventilation systems;

    iv. lighting systems; and

    v. various timers connected to the lighting system.

f. Finally, Officer-1 observed, in an open closet across the hall from the bedroom, [1]

a object wrapped tightly in a plastic bag bearing the distinct shape of a firearm and later identified as a .22 caliber Beretta firearm, and [ii] a bulletproof vest liner.

5. Shortly thereafter, the Officers placed RAUL BORBON, the defendant, under arrest.

WHEREFORE, deponent prays that a warrant be issued for the arrest of RAUL BORBON, the defendant, and that he be imprisoned, or bailed, as the case may be.

_____
MANUEL MADERA
Detective
New York City Police Department

Sworn to before me this
7th day of June, 2007

_____
HONORABLE JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4